UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARCHIE TIMES, | ) |
|           Petitioner, | ) |
| v. | ) No. 4:11 CV 1723 DDN |
| JEFF NORMAN, | ) |
|           Respondent. | ) |

**MEMORANDUM**

This action is before the court upon the petition of Missouri state prisoner Archie Times for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 13.) For the reasons set forth below, the undersigned orders that the petition for a writ of habeas corpus be denied.

**I. BACKGROUND**

On March 19, 2009, petitioner pled guilty in the Circuit Court of the City of St. Louis to one count of first-degree assault. (Doc. 11, Ex. A at 8.) On the same date, the court sentenced petitioner as a prior and persistent offender to eighteen years imprisonment. (Id. at 9.)

On May 4, 2009, petitioner filed in the circuit court a motion for post-conviction relief. (Id. at 24-29.) On September 28, 2009, with the assistance of appointed counsel, petitioner filed an amended motion for post-conviction relief. (Id. at 35-43.) On October 5, 2009, the circuit court denied petitioner's motion. (Id. at 46-52.) On October 5, 2010,

the Missouri of Appeals affirmed the circuit court's denial of the motion. (Id., Ex. E.); Times v. State, 320 S.W.3d 207 (Mo. Ct. App. 2010).

On September 30, 2011, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.)

## II. PETITIONER'S GROUND FOR FEDERAL HABEAS RELIEF

In his sole ground for habeas relief, petitioner alleges that he entered his guilty plea involuntarily due to the coercion of the arresting police officers. (Doc. 1 at 6.)

Respondent contends that petitioner's habeas corpus petition is untimely and that petitioner's ground is procedurally barred and without merit. (Doc. 11.)

## III. EXHAUSTION AND PROCEDURAL BAR

State prisoners must exhaust the remedies available in the courts of the state for claims made in federal habeas corpus petitions. 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Given the limitation periods under Missouri law for asserting grounds for relief on direct appeal and in motions for post-conviction relief, no proper procedure for litigating his federal habeas claim now remains available to petitioner. See Mo. Sup. Ct. R. 29.15(b) (post-conviction relief motion must be filed within 90 days after the mandate of the court of appeals affirming the judgment or sentence is filed; or, if no appeal is filed, within 180 days from the date the person is delivered to the Department of Corrections); Mo. Sup. Ct. R. 81.04(a) (10 days to file a notice of appeal after circuit court judgment is final).

Exhaustion in the sense that petitioner now has no remaining procedure for bringing a claim to the state court does not, however, satisfy the federal statutory requirement. Rather, a petitioner must have fairly presented the substance of each federal ground to the state trial and appellate courts. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). If he has not done so and has no remaining procedure for doing so because he has defaulted on the legitimate requirements of the otherwise available procedures,

any such ground for federal habeas relief is barred from being considered by the federal courts.  Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011); King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court).

Petitioner did not raise his ground in his post-conviction relief motion to the Circuit Court of St. Louis City nor did he present his ground to the Missouri Court of Appeals in his appeal of the denial of his motion for post-conviction relief.  (Doc. 11. Ex. A at 35-43; Ex. B.)  Accordingly, petitioner's ground for federal habeas relief is procedurally barred.

However, petitioner may avoid the procedural bar, if he can establish sufficient cause for the default and show actual prejudice resulting from it, or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice.  Maples v. Thomas, 132 S. Ct. 912, 922 (2012); Coleman v. Thompson, 501 U.S. 722, 749-50 (1991).

Petitioner alleges that his claim should avoid the procedural bar due to his actual innocence.  To demonstrate that the failure to review his grounds for relief would result in a fundamental miscarriage of justice, a petitioner may show that he was actually innocent.  Murray v. Carrier, 477 U.S. 478, 495-96 (1986).  A habeas petitioner asserting actual innocence to support his allegations of constitutional error must do so with new, reliable evidence.  Schlup v. Delo, 513 U.S. 298, 324 (1995).  Without new evidence of innocence, even a meritorious constitutional claim is not sufficient to permit a habeas court to reach the merits of a procedurally defaulted claim.  Id. at 316.  The requirement set forth in Schlup means that a habeas petitioner must "come forward not only with new reliable evidence which was not presented at trial, but [] come forward with new reliable evidence which was not available at trial through the exercise of due diligence."  Kidd v. Norman, 651 F.3d 947, 953 (8th Cir. 2011).

Petitioner does not argue his innocence but that police officers coerced his guilty plea.  Further, petitioner does not allege that he could not have previously obtained

through due diligence his submitted evidence. Accordingly, petitioner fails to demonstrate that the failure to review his ground would result in a fundamental miscarriage of justice.

Nevertheless, a federal district court is permitted to dismiss a procedurally barred ground if the court concludes that the grounds are without merit. 28 U.S.C. § 2254(b)(2). The undersigned has considered petitioner's federal ground for relief on its merits.

## IV.  STANDARD OF REVIEW

Where a petitioner's claims were not adjudicated on the merits by a state court, the pre-AEDPA standard for habeas review governs. Gingras v. Weber, 543 F.3d 1001, 1003 (8th Cir. 2008)("Because [petitioner's] apparently unexhausted claim was not adjudicated on the merits, we likely should apply the pre-AEDPA standard of review, rather than the deferential standard of 28 U.S.C. § 2254(d).") (internal citations and quotations omitted); Montes v. Trombley, 599 F.3d 490, 495 (6th Cir. 2010).  Under the pre-AEDPA standard, the habeas petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

## V. EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing on his federal ground for relief. 28 U.S.C. § 2254(e)(2) provides that a court shall not hold an evidentiary hearing on a habeas corpus claim unless a petitioner shows that:

> (A) the claim relies on--
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner alleges no claim relying on a new rule of law or a factual predicate that could not have been previously discovered with due diligence. Accordingly, petitioner's request for an evidentiary hearing is denied.

## VI. DISCUSSION

### A. Untimeliness

Respondent argues that petitioner's ground should be dismissed for untimeliness. Upon conclusion of direct review of the judgment or expiration of time for seeking such review, the one-year period for filing a habeas corpus petition begins. 28 U.S.C. § 2244(d)(1)(A). This limitation period is tolled during the pendency of post-conviction relief proceedings. Id. § 2244(d)(2). A petition for a writ of habeas corpus filed after the one-year limitation period expired must be dismissed. Id. § 2244(d)(1)(A).

Under Missouri law, a notice of appeal must be filed within ten days of a final judgment. Mo. Sup. Ct. R. 30.01(a); 81.04(a). On March 19, 2009, petitioner pled guilty and the court sentenced him. (Doc. 11, Ex. A. at 6-11.) Petitioner did not appeal his conviction or sentence. Thus, the statute of limitations began to run on March 30, 2009. Petitioner filed his motion for post-conviction relief thirty-five days later on May 4, 2009, which tolled the statute of limitations period until the Missouri Court of Appeals issued its mandate on October 5, 2010. (Id., Ex. E.) Therefore, the statute of limitations period elapsed on August 31, 2011. However, petitioner did not file his petition until September 30, 2011. (Doc. 1.) Therefore, petitioner's federal habeas corpus petition is untimely.

### B. Merits

Petitioner argues he entered his guilty plea involuntarily due to the coercion of the arresting police officers. Specifically, he alleges that the officers threatened that, if he "beat his case," they would physically assault him each time they saw him.

A guilty plea is involuntary if it is "induced by threats" or "promises to discontinue improper harassment." Brady v. United States, 397 U.S. 742, 755 (1970).

- 5 -

To support his argument, petitioner submits emergency room records indicating that a police officer found him physically assaulting a woman and struck him with a nightstick, which caused a forehead laceration. (Doc. 1-1.) Although the emergency records might be consistent with the alleged threat, the emergency records contain no direct evidence thereof, and no other evidence in the record suggests coercion. Moreover, petitioner's representations during his guilty plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). The transcript of the guilty plea hearing includes the following:

> THE COURT: Has anybody, [petitioner], threatened you or intimidated you in any way to force you to plead guilty to this charge against your will?
>
> [PETITIONER]: No, sir.
>
> THE COURT: Now, knowing it's going to be left up to me, [petitioner], I'll ask you again, sir, you're charged with the Class A felony of assault in the first degree by causing serious physical injury to Nicci Saur. On that charge, how do you wish to plea, sir? Guilty or not guilty?
>
> [PETITIONER]: Guilty.
>
> THE COURT: Are you pleading guilty to the charge, sir, because you are in fact guilty of the charge?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: Are you pleading guilty of your own free will?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: Anybody forcing you to do this?
>
> [PETITIONER]: No, sir.
>
> THE COURT: Court finds the defendant's plea of guilty is made knowingly, voluntarily, and intelligently with a full

> understanding of the charge and the consequences of the guilty plea, and a full understanding of his right to a trial by jury on this charge, and the affect [sic] of the plea of guilty on those rights. Court also finds a factual basis for the plea.

(Id., Ex. A at 16.)

Petitioner's sworn plea hearing testimony contradicts his allegation regarding the involuntary nature of his plea, and the alleged threat finds no support in the record. Accordingly, petitioner's sole ground for habeas relief is without merit.

## VI. CONCLUSION

For the reasons stated above, the petition of Archie Times for a writ of habeas corpus is denied. An appropriate Judgment Order is issued herewith.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 7, 2013.